FILED

17 FEB 15 AM 11:36

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: __MXN__ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| CHASE HAYES, | Case No.: 3:17-cv-00004-BEN-WVG |
|---|---|
| Plaintiff, | **ORDER:** |
| v. | |
| NASSCO, | **(1) GRANTING SECOND MOTION TO PROCEED IN FORMA PAUPERIS;** |
| Defendant. | |
| | **(2) DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL;** |
| | **(3) DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM** |

On January 30, 2017, Plaintiff Chase Hayes filed his second Motions to Proceed *In Forma Pauperis* ("IFP") and for Appointment of Counsel, along with his proposed First Amended Complaint ("FAC").[1] (Docket No. 7.) For the reasons stated below, the

---

[1] On January 24, 2017, the Court denied Plaintiff's motion to proceed IFP for failing to demonstrate an inability to pay the filing fee, denied Plaintiff's motion for appointment of counsel for failing to demonstrate a likelihood of success on the merits of his claim, and

1

second Motion to Proceed IFP is **GRANTED**, the second Motion for Appointment of Counsel is **DENIED**, and the proposed First Amended Complaint is **DISMISSED without prejudice**.

I.   **Motion to Proceed IFP**

All parties instituting any civil action in a district court must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).

Under 28 U.S.C. § 1915(a)(1),

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

Plaintiff's second Motion to Proceed IFP indicates he receives $168.80 per week in disability benefits, and $170.00 a month in the form of food stamps. (Docket No. 7 at 1.) Plaintiff further indicates his expenses total approximately $800.00 per month. (*Id.*) The Court finds Plaintiff has sufficiently stated that he cannot afford to pay the filing fee. Therefore, the Motion is **GRANTED**, and Plaintiff's proposed First Amended Complaint (docket no. 7) shall be deemed filed *nunc pro tunc* to the date of this Order.

II.   **Motion to Appoint Counsel**

Plaintiff also filed a second Motion for Appointment of Counsel, in which he asserts he has "no ability to articulate his claim in a legal manner" due to "the complexity of the legal issues involved in Longshore and Harbor Workers Compensation Law, et al." (Docket No. 7 at 2.)

---

dismissed without prejudice his initial Complaint for failing to state a claim upon which relief may be granted. (Docket No. 6.)

As the Court stated in its January 24, 2017 Order (docket no. 6), courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1) (1996), to appoint counsel for indigent civil litigants upon a showing of exceptional circumstances. "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (internal citations omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (internal citations omitted).

The Court cannot say there is any likelihood of success on the merits of Plaintiff's claims because, as will be explained in further detail below, Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted. In addition, Plaintiff does not demonstrate an inability to represent himself beyond the ordinary burdens encountered by plaintiffs representing themselves *pro se*, or that he has even attempted to obtain counsel to represent him. *See Garcia v. Smith*, No. 10-cv-1187, 2012 WL 2499003, at *4 (S.D. Cal. June 27, 2012) ("Merely alleging indigence is insufficient to entitle him to appointed counsel; he must also demonstrate that he made a good faith effort, but was unable, to obtain counsel."). Therefore, the Court finds that the exceptional circumstances required for the appointment of counsel are not present.[2] Plaintiff's Motion is **DENIED**.

///
///
///

---

[2] The Court emphasizes that courts are directed to construe *pro se* pleadings liberally, and that use of layman's language, on its own, will not prevent Plaintiff from proceeding with his claim. *See Hebbe, supra,* 627 F.3d at 342 (*pro se* plaintiff's complaint "must be held to less stringent standards than formal pleadings drafted by lawyers") (internal citations omitted).

### III. Section 1915 Screening

#### A. Legal Standard

Under section 1915(e) of title 28 of the United States Code, the Court must *sua sponte* dismiss IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)). "[T]he provisions of section 1915(e)(2)(B) are not limited to prisoners." *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).

Every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679; *see Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that section 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

While a plaintiff's factual allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Indeed, while courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1

(9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B. <u>Discussion</u>

Plaintiff's First Amended Complaint ("FAC") must be dismissed for failing to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e).

In his FAC, Plaintiff alleges "NASSCO (Paul Goyette) laid Plaintiff off due to Plaintiff injuries [sic]," even though Paul Goyette had allegedly promised him that "the only way Plaintiff would be laid off is seniority if Plaintiff accept a light duty job [sic]." (Docket No. 7 at 2.) However, Plaintiff does not identify who Paul Goyette is with respect to Defendant NASSCO, Plaintiff's injuries, the date he became injured, or the date he was laid off. Plaintiff further alleges he felt he was discriminated against under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"), but does explain how Defendant discriminated against him.[3] Plaintiff also asserts Defendant "is well aware of my race and disabilities which I can only try to explain my meeting with them in layman's terms." However, Plaintiff does not identify what his disabilities are, when Defendant became aware of those disabilities, or the events that transpired in the referenced meeting.

In sum, even after construing the documents liberally, the Court finds Plaintiff has failed to state a claim for discrimination under either the Civil Rights Act or the ADA. Plaintiff's FAC has not met the requirement to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Moreover, a plaintiff litigating a Title VII claim in a federal district court is required to exhaust his administrative remedies. *Greenlaw v. Garrett*, 59 F.3d 994, 997 (9th Cir. 1995) (citing *Brown v. General Services Administration*, 425 U.S. 820, 832 (1976)). This includes regulatory and judicially imposed exhaustion requirements. *Id.*

---

[3] Plaintiff refers to, but did not attach, a "Right to Sue letter" which purportedly "show[s] the statue(s) [sic] which [he] felt [he] was discriminated under." (Docket No. 7 at 2.)

The procedural requirements for Title VII actions are "neither interpreted too technically nor applied too mechanically." *Id.* (citing *Ong v. Cleland,* 642 F.2d 316, 319 (9th Cir. 1981) (internal citations omitted).

Generally, a Title VII complainant must file a complaint with the Equal Employment Opportunity Commission ("EEOC") within one hundred and eight (180) days of the alleged violation. 29 C.F.R. § 1601.13(a)(1). If a complainant's charges arise in a jurisdiction that has a FEP agency, alternative procedures may apply. 29 C.F.R. § 1601.13(a)(3). An FEP agency is "a State or local agency which the Commission has determined satisfies the criteria stated in section 706(c) of title VII." 29 C.F.R. § 1601.3(a).

Plaintiff's FAC indicates Plaintiff is suing his former employer for alleged discriminatory conduct. (Docket No. 7 at 2.) Plaintiff did not state when the discriminatory conduct occurred, or that Plaintiff filed a complaint with the EEOC within one hundred and eighty (180) days of each of the alleged violations. 29 C.F.R. § 1601.13(a)(1). As a result, Plaintiff has failed to state a claim because he failed to establish that he exhausted all of her administrative remedies, which is a prerequisite to his title VII claims. *Greenlaw, supra,* 59 F.3d at 997 (9th Cir. 1995) (citations omitted).

Accordingly, the FAC is **DISMISSED**. However, the Court grants Plaintiff leave to file a Second Amended Complaint that cures the deficiencies noted above.[4]

## CONCLUSION

Plaintiff's Motion to Proceed IFP is **GRANTED**. Plaintiff's Motion for Appointment of Counsel is **DENIED**. Plaintiff's First Amended Complaint is deemed filed *nunc pro tunc* to the date of this Order, and is concurrently **DISMISSED without**

---

[4] The Court reminds Plaintiff that all that is required is a short and plain statement of facts to establish his claim and an explanation of why he is entitled to relief. Fed. R. Civ. P. 8(a)(2).

**prejudice** for failing to state a claim.  Plaintiff is granted **thirty (30) days** from the date of this Order to file a second amended complaint that addresses the deficiencies identified above.  If Plaintiff does not timely file a second amended complaint, this action shall remain closed without further Order of the Court.

**IT IS SO ORDERED.**

DATED: February 14, 2017

HON. ROGER T. BENITEZ
United States District Judge