FILED

17 MAR 15 PM 12:50

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: MXN   DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASE HAYES,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>NASSCO,<br><br>　　　　　　　　　Defendant. | Case No.: 3:17-cv-00004-BEN-WVG<br><br>**ORDER:**<br><br>**(1) DENYING THIRD MOTION FOR APPOINTMENT OF COUNSEL;**<br><br>**(2) DISMISSING SECOND AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM** |

　　　On February 17, 2017, Plaintiff Chase Hayes filed his Second Amended Complaint ("SAC"),[1] which incorporates his third Motion for Appointment of Counsel.[2] (Docket No. 10.) For the reasons stated below, the third Motion to Motion for Appointment of

---

[1] Plaintiff filed a document entitled "Second Amended Complaint" on February 22, 2017." (Docket No. 12.) The Court shall treat the earlier filed SAC (docket no. 10) as the operative complaint, which appears to be nearly identical to the newer document of the same title.

[2] On February 15, 2017, the Court denied Plaintiff's motion for appointment of counsel for failing to demonstrate a likelihood of success on the merits of his claim. (Docket No. 9.)

1

Counsel is **DENIED**, and the Second Amended Complaint is **DISMISSED without leave to amend**.

I.  **Motion to Appoint Counsel**

Plaintiff's third Motion for Appointment of Counsel asserts Plaintiff should be appointed counsel because he is "an indigent and has no ability to articulate his claim IN FORMA PAUPERIS [sic]." (Docket No. 10 at 1.) Plaintiff states he has attempted to retain counsel and has contacted several law firms, but was either unable to afford their services or unable to ultimately secure counsel. (*Id.* at 1-2.)

The Court has previously advised Plaintiff that a showing of exceptional circumstances is necessary prior to a court's exercise of its discretion to appoint counsel under 28 U.S.C. § 1915(e)(1) (1996). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (internal citations omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (internal citations omitted).

As will be explained in further detail below, Plaintiff's SAC fails to state a claim upon which relief may be granted. Plaintiff also does not demonstrate an inability to represent himself beyond the ordinary burdens encountered by plaintiffs representing themselves *pro se*. *See Garcia v. Smith*, No. 10-cv-1187, 2012 WL 2499003, at *4 (S.D. Cal. June 27, 2012). Thus, the Court finds that the exceptional circumstances required for the appointment of counsel are not present. Therefore, Plaintiff's Motion is **DENIED**.

II.  **Section 1915 Screening**

A. Legal Standard

Under section 1915(e) of title 28 of the United States Code, the Court must *sua sponte* dismiss IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See Lopez*

*v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)). "[T]he provisions of section 1915(e)(2)(B) are not limited to prisoners." *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).

Every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679; *see Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that section 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

While a plaintiff's factual allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Indeed, while courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B. Discussion

Plaintiff's SAC must be dismissed for failing to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e).

1    The SAC alleges NASSCO employee Paul Goyette "laid Plaintiff off due to
2  Plaintiff injuries [sic]," even though Mr. Goyette "promised that the only way Plaintiff
3  would be laid off is by seniority if Plaintiff accept a light duty job due to work related
4  injuries to both knees and back." (Docket No. 10 at 2.) Plaintiff does not indicate when
5  or where Mr. Goyette made the promise, but it appears it was in or around the year 1981
6  because the SAC further alleges Plaintiff was laid off "after being on the job for less than
7  several months," and "NASSCO only gave [Plaintiff] a small lump settlement which
8  included disability payments . . . which was done in 1981." (*Id.*) Thus, it appears
9  Plaintiff's apparent breach of employment contract claim may be well past the statute of
10 limitations, depending on which state's laws applies to his claim.

11   Plaintiff also appears to allege Defendant ran advertisements for employment
12 applicants on San Diego radio stations, but when he applied, he received a response that
13 Defendant was not hiring. (*Id.* at 2-3.) These allegations also fail to state a claim for
14 relief.

15   Finally, Plaintiff again alleges discrimination under Title VII of the Civil Rights
16 Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA").[3] Plaintiff
17 asserts that Defendant "is well aware of my race and disabilities which I can only try to
18 explain my meeting with them in layman's terms." (Docket No. 10 at 3.) However,
19 Plaintiff never actually explains what his race and disabilities are, or when Defendant
20 became aware of those disabilities.

21   Moreover, Plaintiff blatantly ignores the Court's order to address the deficiencies
22 identified in its February 15, 2017 Order, namely that he did not allege whether he had
23 exhausted his administrative remedies regarding his Title VII complaint. (Docket No. 9.)

---

[3] Plaintiff refers to, but did not attach, a "Right to Sue letter" which purportedly "show[s] the statue(s) [sic] which [he] felt [he] was discriminated under." (Docket No. 10 at 3.) Instead, Plaintiff attached what appeared to be a letter from his physician dated June 2, 2016, which states he may return to work immediately without restrictions. (Docket No. 10 at 4.)

4

The Court previously stated that, in general, a Title VII complainant must file a complaint with the Equal Employment Opportunity Commission ("EEOC") within one hundred and eight (180) days of the alleged violation. 29 C.F.R. § 1601.13(a)(1). If a complainant's charges arise in a jurisdiction that has a FEP agency, alternative procedures may apply. 29 C.F.R. § 1601.13(a)(3). An FEP agency is "a State or local agency which the Commission has determined satisfies the criteria stated in section 706(c) of title VII." 29 C.F.R. § 1601.3(a).

Plaintiff's SAC indicates that the last discriminatory action, if any, occurred in 2015. (Docket No. 10 at 3.) Even construing the document liberally, Plaintiff did not allege that he filed a complaint with the EEOC within one hundred and eighty (180) days of each of the alleged violation. 29 C.F.R. § 1601.13(a)(1). As a result, Plaintiff has failed to state a claim because he failed to establish that he exhausted all of his administrative remedies, which is a prerequisite to his Title VII claims. *Greenlaw v. Garrett*, 59 F.3d 994, 997 (9th Cir. 1995) (citations omitted).

The Court has provided Plaintiff multiple opportunities to amend his complaint (see docket nos. 4, 9), but Plaintiff failed to remedy, or even attempt to remedy, the deficiencies identified. It also appears some or all of his claims may be barred by a statute of limitations. Accordingly, the SAC is **DISMISSED without leave to amend.**

## CONCLUSION

Plaintiff's Motion for Appointment of Counsel is **DENIED**, and Plaintiff's Second Amended Complaint is **DISMISSED without leave to amend.**

**IT IS SO ORDERED.**

DATED: March 15, 2017

HON. ROGER T. BENITEZ
United States District Judge